## HENRY LAWRENCE *vs.* ZENAS D. BASSETT JR.

A note, dated in this commonwealth, and first delivered in this commonwealth to the payee,
who resided here, is to be deemed a contract made here, and to be construed according
to the laws of this commonwealth, although actually signed in another state.

A note is not barred by the statute of limitations, although overdue for more than six
years, if it was given by a person who was once an inhabitant of this commonwealth, but
has lived out of the commonwealth ever since the cause of action accrued.

A defendant who has appeared and pleaded to the merits cannot afterwards object to the
jurisdiction of the court, on the ground of the insufficiency of the service of the writ.

CONTRACT upon the following promissory note : " $1000.
Barnstable, Aug. 31, 1849. Twelve months after date, I prom-
ise to pay to the order of Henry Lawrence one thousand dol-
lars, value received. Ezekiel Gorham. (On back of note) Z.
D. Bassett Jr."

At the trial in the superior court, before *Morton*, J., it appeared

that the defendant, who formerly lived in this commonwealth removed to Brooklyn, New York, about thirteen years ago, and has lived there ever since. He put his name upon the back of the note on the day of its date, in the city of New York, at the request of Gorham, who afterwards delivered it to the plaintiff in Barnstable, for money lent. The note has not been paid, and no sufficient notice of its non-payment at maturity was given to the defendant to fix his liability as indorser. No property of the defendant was attached on the writ, but he appeared and pleaded to the merits of the action.

The defendant offered to prove that at the time the note was made, and at present, under the laws of New York, his undertaking and liability would be only as an indorser, and that the plaintiff was informed that he lived in the state of New York, before taking the note. But the judge rejected the evidence, and ruled that the contract was to be governed by the laws of Massachusetts, that the undertaking and liability of the defendant were as an original promisor, and that the note was not barred by the statute of limitations; and he directed a verdict to be returned for the plaintiff, which was accordingly done. The defendant alleged exceptions.

*H. A. Scudder*, for the defendant.

*G. Marston*, for the plaintiff.

BIGELOW, C. J. The construction and legal effect of the contract declared on must be determined by the laws of Massachusetts. The defendant put his name on the back of the note in another state, while it was in the hands of the original maker, and before it was delivered to the payee. It was subsequently passed to the latter in this state, for a valuable consideration, and then for the first time became a valid promise to pay money. Until such delivery, it was not a binding and operative contract, upon which the defendant could have been held as a party to the note. It was, therefore, the delivery to the plaintiff which completed and consummated the contract. When he lent his money upon it in this commonwealth, he entered into a contract with the parties to the note, of which it was the written evidence. It follows that the *lex loci contractus* regulates and

governs its interpretation. By the law of this state, the defendant was a joint promisor, and the promise is binding on him, without demand or notice. *Chaffee* v. *Jones*, 19 Pick. 260. *Austin* v. *Boyd*, 24 Pick. 64. *Riley* v. *Gerrish*, 9 Cush. 104.

The note is not barred by the statute of limitations. The defendant, having once been a resident of this commonwealth, was liable to an action in the courts of this state. Rev. Sts. *c.* 90, § 44. Gen. Sts. *c.* 126, § 1. *Wright* v. *Oakley*, 5 Met. 400. Having been out of the Commonwealth ever since the cause of action accrued, he is within the exception to the statute of limitations relating to simple contracts, which provides that in such case the time of his absence shall not be taken as any part of the time limited for the commencement of the action. Rev. Sts. *c.* 120, § 9. Gen. Sts. *c.* 155, § 9. *Seymour* v. *Deming*, 9 Cush. 527. *Little* v. *Blunt*, 16 Pick. 359. *Putnam* v. *Dike*, 13 Gray, 535.

No exceptions having been taken to the ruling of the court respecting the sufficiency of the service, and it appearing that the defendant has appeared in the action and pleaded and had a trial on the merits, he cannot now set up the objection of a want of jurisdiction in the court by reason of an imperfect service of the writ. *Exceptions overruled.*